United States District Court
Middle District Tennessee

FILED
2016 SEP -1 AM 11: 09
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

)  Craig Cunningham
)  Plaintiff, Pro-se
)
)       **v.**                                  **CIVIL ACTION NO.**
)
)  Joey Zoccali, Global Media and Rewards, LLC, Professional Education
Properties, Inc., Michael Hussey, MDLive, Inc., Randy Parker, Elite Marketing,
Inc., William Kilichowski, Discount Drug Network, LLC dba Allyhealth
)       John/Jane Doe 1-10
)  Defendants.

## Plaintiff's Original Complaint

1.  The Plaintiff in this case is Craig Cunningham, a natural person and was
    resident of Davidson County at all times relevant to the complaint, and
    currently has a mailing address of 5543 Edmondson Pike, ste 248,
    Nashville, TN 37211

2.  Joseph Zoccali is the owner of global media ad rewards, LLC and is liable
    for the call in question and can be served at 2519 McMullen Booth Road,
    ste 510-183, Clearwater, FL 33761 or 27380 US Highway 19N,
    Clearwater, FL 33761

3.  Global Media and Rewards, LLC is a wyoming corporation operating in
    Florida and can be served via corporate officer and registered agent
    Joseph Zoccali at 2519 McMullen Booth Road, ste 510-183, Clearwater,
    FL 33761 or 27380 US Highway 19N, Clearwater, FL 33761 or via
    registered agent: WyomigRegisteredagent.com, Inc., 1621 Central Ave.,
    Cheyenne, WY 82001.

1

4. MDLive, Inc., is a Florida corporation operating from 13630 NW 8th St., Ste 205, Sunrise, FL 33325. They can be served via registered agent National Corporate Research Ltd., Inc., 115 North Calhoun Street, ste 4, Tallahassee, FL 32301.

5. Randy Parker is CEO of MD Live, Inc., and can be served at 13630 NW 8th Street, ste 205, Sunrise, FL 33325.

6. Professional Education Properties, Inc. is an Illinois corporation operatin from 7020 High Grove Blvd., Chicago, IL 60527 and a registered agent of William Doran, 10 S. Wacker Dr., 40th Floor Chicago, IL 60606.

7. Michael Hussey is the president and an officer of Professional Education Properties, inc., and can be served at 7020 High Grove Blvd., Chicago, IL 60527.

8. Elite Marketing Inc., is a Florida corporation with a corporate officer of William Kilichowski and can be served at 9804 Mako Court Tampa, FL 33615.

9. Discount Drug Network, LLC dba Allyhealth is a Pennsylvania corporation with the address of 1429 Walnut Street, ste 1203, Philadelphia, PA 19102 and can be served there.

10. John/Jane Does 1-10 are currently unknown persons or entities that are also liable for the calls in question.

## Jurisdiction

11. Jurisdiction of this court arises as the acts happened in this county

2

12. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

13. The Defendants regularly had calls placed for their benefit or on their behalf to Tennessee residents for the purpose of soliciting residents to buy their promotional products and services, and these products and services were regularly shipped to Tennessee residents.

## FACTUAL ALLEGATIONS

14. In 2016, the Plaintiff recieved multiple phone calls from a company offering a free gift card and promotion ot the Plaintiff. This is typical of "negative option marketing" where a consumer must opt out of future charges or they will be charged for a program. These programs have frequently drawn scrutiny from the FTC and multiple class action lawsuits for deceptive marketing practices. The calls were placed to the Plaintiff's cell phones 615-348-1977 on June 14, 2016 from 855-232-8810. The call was placed by Global Media and Rewards, LLC at the behest of Joey Zoccali.

15. Despite having sued and settled with Professional education properties, in a previous lawsuit they apparently haven't seen fit to change their ways and continue to use services such as Global Media and Rewards that randomly dial consumers without consent and in this case, Global Media

3

called the Plaintiff to pitch the services of Professional Education
Properties and others.

16. The programs pitched during the call were an ID Security program, a
doctor on call program, and a financial education program. The Plaintiff
anticipates being able to ascertain the identies and owners of these
programs with a few subpoenas.

17. There were promotional gift cards offered that were never sent to the
Plaintiff as well.

18. Any entity with reasonable policies and practies would most certainly do
anything and everything to prevent calls from going to a consumer who
has previously sued them for making improper telemarketing calls. This is
obviously not the case with Financial Freedom Experts and Professional
Education Properties.

### FINANCIAL EXPERTS PROGRAM

19. "Financial Experts" was another promotion offered for a $100 shopping
rebate reward that the Plaintiff never received, for a 14 day trial that is
supposed to be some financial counseling service that is normally billed at
$59.95 per month. The customer service number given was 800-288-
4413, which the Plaintiff determined was associated with Professional
Education Properties, Inc., and Michael Hussey as a corporate executive.

### DOCTOR ON CALL PROGRAM

20. Another service offered was Doctor on call, and two websites were given,
callmdnow247.com and dctroncall.com.

21. The Plaintiff determined that Elite Marketing inc. owns and controls callmdnow247.com and dctroncall.com is owned/controlled by MD Live Inc. Discount Drug Network, LLC dba Allyhealth is also a partner in this telemedicine operation and stands to profit from the Plaintiff's signup. The calls were made on behalf of and for the benefit of Discount Drug Network, LLC, MD Live, Inc., and Elite Marketing, Inc. The services of Discount Drug Network, LLC, MD Live, Inc., and Elite Marketing, Inc., were all offered as part of this telemedicine program the Plaintiff was solicited for.

22. The logos of Discount Drug Network, LLC dba Allyhealth and MD Live, Inc. are shown on the website dctroncall.com and are displayed with authorization of both companies.

23. As these parties stand to profit and benefit from the Plaintiff's enrollment in these programs, they are vicariously liable for the calls as a seller, as defined by the TCPA. William Kilichowski is the owner of Elite Marketing Inc., and is liable for the calls as they were placed for the benefit of and on behalf of an entity he owns and controlls with his full knowledge and consent that illegal telephone calls would be placed.

24. The individual corporate officers and managers of each of the corporate entities are liable for the calls placed on behalf or for their benefit. They are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made.

25. The individual corporate officers also failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA which makes them personally liable for the telephone calls made on their behalf and for their benefit.

26. These phone calls violated the TCPA in two ways, first by placing multiple automated telephone calls to the Plaintiff's cell phone in violation of 47 USC 227(b), and second by not conforming to the requirements of 47 USC 227(c)(5) and the FCC's rulemaking authority under 47 CFR 64.1200(d), which requires the defendants to have a written policy for maintaining a do-not-call list, failure to train agents and personnel engaged in telemarketing on the use of the do-not-call list, and the failure to identify the party placing the call or the entity for which the call is being placed. Each of the Defendants are jointly liable to the Plaintiff in the amount of $3,000 per call made, $1500 for violating 47 USC 227(b) and $1500 for violating 47 USC 227(c)(5). Additionally, each product offered by each company represents a new cause of action entitling the Plaintiff to $3,000 per call per defendant.

27. The Plaintiff alleges direct liability for the listed corporations and the officers of the corporations. Additionally, the officers of the corporations have a direct role in the illegal conduct, authorizing it and ratifying the illegal telephone calls.

28. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the

6

telemarketing efforts for which their corporations benefitted. The officers set company policy and directed the marketing efforts of the respective companies.

## Vicarious Liability

29. In making these calls, the calling entity was essentially marketing the products offered by Professional Education Properties and others through an agency relationship with Global Media and Rewards, LLC. MDLive, Inc., Discount Drug Network, LLC are vicariously liable for the calls placed by Global Media and Rewards, LLC through an agency relationship with Global Media. Elite Marketing Inc., is vicariously liable for the calls placed by Global Media and Rewards, LLC through an agency relationship between the parties.

30. The 6th circuit as well as multiple other courts have ruled that there is direct liability to include for corporate actors such as executives like and vicarious liability for corporations that ultimately benefit or sell services/products illegally marketed by 3rd parties. The parties are also jointly and severally liable for the phone calls as well.

31. Similarly, the calls were placed with apparent authority, actual authority, and the ratification of Professional Education Properties, Inc., Elite Marketing, Inc., and MDLive, Inc. Discount Drug Network, LLC, and the respective executives/officers of the corporation. These companies knew of the illegal conduct by the entities placing the calls to include quality

resources and refused to exercise control or authority over defendants to reduce or eliminate the improper sales methods.

## Actual Damages

32. The Plaintiff has suffered actual damages in the form of the enrollment fees charged. For example, Financial Freedom Experts charged $4.95, call on a doctor charged $29.92 and $2.95. The ID security program charged $29.44 and $2.95.

33. Additionally, the Plaintiff has suffered annoyance, frustruation, anger, loss of cell phone use, reduced battery life of his cell phone due to the calls.


## CAUSES OF ACTION:

## COUNT I

## Violations of the Telephone Consumer Protection Act (TCPA)

34. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.


35. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by using an autoated telephone dialing system to place calls to the Plaintiff's cell phone in violation of 47 USC 227(b).This entitles the Plaintiff to recover $1500 per call.

## CAUSES OF ACTION:

## COUNT II

## Violations of the Telephone Consumer Protection Act (TCPA)

36. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

37. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by 47 USC 227(c)(5) by way of 47 CFR 64.1200(d) and failed to comply with the requirements to maintain and train employees on the use of a do-not-call list.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call for each defendant mentioned in the call

C. Actual damages of the enrollment fees.

D. Pre-judgment interest from the date of the phone calls

E. Attorney's fees for bringing this action; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted August 31st, 2016

Craig Cunningham Plaintiff, Pro-se, 615-348-1977

5543 Edmondson Pike, ste 248, Nashville, TN 37211